PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District | Middle District of Pennsylvania |
|---|---|---|
| Name (under which you were convicted): Jerry Reeves | | Docket or Case No.: |
| Place of Confinement: SCI Fayette | | Prisoner No.: JQ0524 |
| Petitioner (include the name under which you were convicted) Jerry Reeves | v. | Respondent (authorized person having custody of petitioner) Brian v. Coleman, Superintendent |
| The Attorney General of the State of Pennsylvania | | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
   Dauphin County Court of Common Pleas, Dauphin County, PA

   (b) Criminal docket or case number (if you know): CP-22-CR-3869-2009

2. (a) Date of the judgment of conviction (if you know): 6/23/2010
   (b) Date of sentencing: 6/23/2010

3. Length of sentence: Life without parole

4. In this case, were you convicted on more than one count or of more than one crime?   Yes ☒   No ❏

5. Identify all crimes of which you were convicted and sentenced in this case: _____
   Second degree murder, robbery, carrying a firearm without a license

6. (a) What was your plea? (Check one)
   (1) Not guilty ☒      (3) Nolo contendere (no contest) ❏
   (2) Guilty ❏           (4) Insanity plea ❏

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? __n/a__

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury [X]          Judge only ❏

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ❏  No ❏

8. Did you appeal from the judgment of conviction?

Yes [X]  No ❏

9. If you did appeal, answer the following:

(a) Name of court: __Pa. Superior Court__

(b) Docket or case number (if you know): __1193 MDA 2010__

(c) Result: __Affirmed__

(d) Date of result (if you know): __8/9/2011__

(e) Citation to the case (if you know): ____

(f) Grounds raised: __None: counsel filed an Anders brief.__

(g) Did you seek further review by a higher state court?   Yes ❏  No [X]

If yes, answer the following:

(1) Name of court: ____

(2) Docket or case number (if you know): ____

(3) Result: ____

(4) Date of result (if you know): ____

(5) Citation to the case (if you know): ____

(6) Grounds raised: ____

    (h) Did you file a petition for certiorari in the United States Supreme Court?   Yes ❏   No ☒

       If yes, answer the following:

       (1) Docket or case number (if you know): _____

       (2) Result: _____

       (3) Date of result (if you know): _____

       (4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

    Yes ☒   No ❏

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: __Dauphin County Court of Common Pleas__

       (2) Docket or case number (if you know): __CP-22-CR-3869-2009__

       (3) Date of filing (if you know): __7/30/2012__

       (4) Nature of the proceeding: __PCRA__

       (5) Grounds raised:
         1. Ineffective assistance of counsel for failing to investigate alternate suspects
         2. Ineffective assistance for failing to present expert false-confession evidence
         3. Ineffective assistance for failing to present alibi evidence
         4. Ineffective assistance for failing to challenge alibi-rebuttal evidence
         5. Ineffective assistance for failing to give notice of alibi defense

       (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

         Yes ❏   No ☒

       (7) Result: __Petition denied__

       (8) Date of result (if you know): __11/26/2012__

    (b) If you filed any second petition, application, or motion, give the same information:

       (1) Name of court: __n/a__

       (2) Docket or case number (if you know): _____

       (3) Date of filing (if you know): _____

       (4) Nature of the proceeding: _____

       (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      Yes ❑   No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: ___n/a_____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      Yes ❑   No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1)  First petition:     Yes ☒   No ❑

    (2)  Second petition:   Yes ❑   No ❑

    (3)  Third petition:    Yes ❑   No ❑

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: _____

_____

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

<u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

**GROUND ONE:** Ineffective assistance of counsel for failing to investigate and present alternate-perpetrator evidence.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Counsel failed to investigate alternate suspects despite those suspects having been identified by the police as alternate suspects in documents provided to counsel in discovery. Counsel failed to interview relevant witnesses, question the testifying officers, or present any evidence regarding these alternate suspects. Had counsel performed reasonably, the credible alternate-suspect evidence she presented would have included evidence that Kai Anderson confessed to multiple persons that he committed the crime, failed to report to work release the day of the crime, fit the description of the assailant, suddenly had money after the crime, and suddenly fled the state after the crime.

(b) If you did not exhaust your state remedies on Ground One, explain why: If this claim is not exhausted because it is supported by new facts presented in a future amendment to this petition, any procedural default is excused by ineffective assistance of PCRA counsel, including counsel's failure to interview known witnesses and otherwise investigate known leads. Alternatively, default is excused by petitioner's actual innocence.

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ❏   No ☒

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: Claim not apparent on trial record.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
Yes ☒   No ❏   * But this answer will change to No if petitioner amends the claim to add new evidence.

(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition: PCRA
Name and location of the court where the motion or petition was filed: Dauphin Count Court of Common Pleas

Docket or case number (if you know): CP-22-CR-3269
Date of the court's decision: 11/26/12

Result (attach a copy of the court's opinion or order, if available): __Petition denied. Opinion attached.__

(3) Did you receive a hearing on your motion or petition?
   Yes ❏   No ☒

(4) Did you appeal from the denial of your motion or petition?
   Yes ☒   No ❏

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
   Yes ☒   No ❏   * But this answer will change to No if petitioner amends the claim to add new evidence.

(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed: __Superior Court of Pennsylvania__

Docket or case number (if you know): __2159 MDA 2012__
Date of the court's decision: __11/7/2013__
Result (attach a copy of the court's opinion or order, if available): __Affirmed. Opinion attached.__

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: __n/a__

**GROUND TWO:** __Ineffective assistance of counsel for failing to challenge Petitioner's false confession__

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Counsel failed to obtain and present an expert to testify that Petitioner's confession was false, unreliable, and involuntary. Counsel failed to present evidence that Petitioner suffers from borderline intellectual disability (formerly called borderline mental retardation), has a long history of mental health issues, and admitted that his original statement to police was false and only an effort to end interrogation and be allowed to go home. Counsel failed to present evidence about why it mattered that Petitioner underwent interrogation for up to three hours before he confessed, that he confessed to every crime he was interrogated about, and that he was fed details of the crime by his interrogators before his statement. Counsel failed to challenge prosecution testimony that Petitioner provided non-public true facts. Counsel failed to point out the inconsistencies between Petitioner's statements and the known facts.

(b) If you did not exhaust your state remedies on Ground Two, explain why: If this claim is not exhausted because it is supported by new facts presented in a future amendment to this petition, any procedural default is excused by ineffective assistance of PCRA counsel, including counsel's failure to interview known witnesses and otherwise investigate known leads. Alternatively, default is excused by petitioner's actual innocence.

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❏   No ☒

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: Claim not apparent on trial record.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☒   No ❏     * But this answer will change to No if petitioner amends the claim to add new evidence.

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: PCRA

Name and location of the court where the motion or petition was filed: Dauphin County CCP

Docket or case number (if you know): CP-22-CR-3269

Date of the court's decision: 11/26/12

Result (attach a copy of the court's opinion or order, if available): Denied.

(3) Did you receive a hearing on your motion or petition?

Yes ❏   No ☒

(4) Did you appeal from the denial of your motion or petition?

Yes ☒   No ❏

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒   No ❏     * But this answer will change to No if petitioner amends the claim to add new evidence.

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Superior Court of Pennsylvania

Docket or case number (if you know): 2159 MDA 2012

Date of the court's decision: 11/7/2013

Result (attach a copy of the court's opinion or order, if available): Affirmed.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: n/a

**GROUND THREE:** Ineffective assistance of counsel for failing to investigate and present alibi evidence and failing to challenge the prosecution's evidence regarding alibi.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Counsel failed to present evidence that Petitioner was in Baltimore, Maryland at the time the crime occurred in Harrisburg, Pennsylvania. Counsel failed to object to the prosecution's evidence regarding alibi because the prosecution's witness was not disclosed to the defense in discovery. Counsel failed to provide notice of an alibi defense and thus was barred from presenting Terrie Reeves to testify that Petitioner was in Baltimore at the time of the offense.

(b) If you did not exhaust your state remedies on Ground Three, explain why: If this claim is not exhausted because it is supported by new facts presented in a future amendment to this petition, any procedural default is excused by ineffective assistance of PCRA counsel, including counsel's failure to interview known witnesses and otherwise investigate known leads. Alternatively, default is excused by petitioner's actual innocence.

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ❏  No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Claim not apparent on trial record.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
Yes ☒  No ❏   * But this answer will change to No if petitioner amends the claim to add new evidence.

(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition: PCRA
Name and location of the court where the motion or petition was filed: Dauphin County CCP

Docket or case number (if you know): __CP-22-CR-3269__

Date of the court's decision: __11/26/12__

Result (attach a copy of the court's opinion or order, if available): __Denied.__

(3) Did you receive a hearing on your motion or petition?

　　Yes ❑　No ☒

(4) Did you appeal from the denial of your motion or petition?

　　Yes ☒　No ❑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

　　Yes ☒　No ❑　　* But this answer will change to No if petitioner amends the claim to add new evidence.

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: __Superior Court of Pennsylvania__

Docket or case number (if you know): __2159 MDA 2012__

Date of the court's decision: __11/7/2013__

Result (attach a copy of the court's opinion or order, if available): __Affirmed.__

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: __n/a__

**GROUND FOUR:** __Ineffective assistance of counsel at trial and sentencing.__

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
　　Petitioner will provide facts in support of this claim after file review and investigation.

Case 3:14-cv-01500-MEM   Document 1   Filed 07/31/14   Page 10 of 14

Page 11

(b) If you did not exhaust your state remedies on Ground Four, explain why: Ineffective assistance of PCRA counsel. Alternatively, any non-exhaustion and default is excused by petitioner's actual innocence.

(c) **Direct Appeal of Ground Four:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ❑   No ☒

   (2) If you did not raise this issue in your direct appeal, explain why: Basis for claim not apparent from record or ineffective assistance of appellate counsel.

(d) **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   Yes ❑   No ☒

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed: _____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____

   (3) Did you receive a hearing on your motion or petition?

   Yes ❑   No ❑

   (4) Did you appeal from the denial of your motion or petition?

   Yes ❑   No ❑

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❑   No ❑

   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: _____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: Ineffective assistance of PCRA counsel.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: n/a

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  Yes ❏  No ☒

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: Ground Four, due to ineffective assistance of PCRA counsel. Grounds One, Two, and Three, to the extent they are amended in the future to add new evidence, due to ineffective assistance of PCRA counsel.

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: Ground Four, due to ineffective assistance of PCRA counsel. Grounds One, Two, and Three, to the extent they are amended in the future to add new evidence, due to ineffective assistance of PCRA counsel.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?  Yes ❏  No ☒

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   Yes ❏   No ☒

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing:   Not known.

    (b) At arraignment and plea:   Not known.

    (c) At trial:   Lenora M. Smith, 1205 N. 2nd St, Harrisburg, PA, 17102

    (d) At sentencing:   Lenora M. Smith, 1205 N. 2nd St, Harrisburg, PA, 17102

    (e) On appeal:   Brian P. Platt, Dauphin County Public Defender, 2 S. Second St., Harrisburg PA 17101

    (f) In any post-conviction proceeding:   Justin McShane and Jenna M. Fliszar, 4807 Jonestown Rd Ste 148, Harrisburg, PA 17109

    (g) On appeal from any ruling against you in a post-conviction proceeding: Justin McShane and Theodore Tanski, 4807 Jonestown Rd Ste 148, Harrrisburg, PA 17109

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        Yes ❏ No ☒

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

    (b) Give the date the other sentence was imposed: _____

    (c) Give the length of the other sentence: _____

    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   Yes ❏ No ❏

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Under 28 USC 2244(d)(1)(A), a one-year limitations period began to run on or about 7/31/11 when the 30-day period for seeking allocatur from the Superior Court's 7/1/11 direct-appeal affirmance expired. Approximately 364 days later, the period was tolled when he filed his PCRA on 7/30/12. The statutory tolling ended on 3/25/14 when the Pa. Supreme Court denied allocatur. The 2244(d)(1)(A) deadline was the next day, on 3/26/14, and by filing on July 31 he missed that deadline by approximately 127 days.

But that deadline does not apply to any claims brought under or through Martinez v. Ryan, 132 S.Ct. 1309 (2012). Any claim of ineffective assistance of counsel whose default is excused by Martinez is timely because of PCRA counsel's ineffectiveness. See Gray v. Pearson, 526 Fed. Appx. 331, 332 (4th Cir. 2013); Bergna v. Benedetti, No. 10-389, 2013 U.S. Dist. Lexis 96148 (D. Nev. July 9, 2013); Sigmon v. Byars, No. 8:13-cv-1399, at 6 (D.S.C. July 23, 2014); 28 U.S.C. 2244(d)(1)(B).

As to any exhausted claims -- and alternatively to the previous paragraph as to unexhausted claims -- prior counsel's failure to inform petitioner of his statute of limitations status was ineffective assistance of counsel and constituted client abandonment and petitioner is entitled to equitable tolling rendering his petition timely. Prior counsel misinformed petitioner of his statute of limitations status. In a letter from T.C. Tanski to petitioner dated March 26, 2014, prior counsel informed petitioner that the time for filing his habeas petition "starts 90 days from today's final ruling and runs for 1 year." Prior counsel told petitioner they would not begin work on his federal habeas case until he retained them and paid the retainer fee, and in a telephone call on May 1 prior counsel told petitioner's father that petitioner could wait until August 2014 to retain them. Prior counsel's incorrect legal advice is especially deserving of equitable tolling because petitioner suffers from borderline intellectual disability (formerly called borderline mental retardation).

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Page 15

Therefore, petitioner asks that the Court grant the following relief: __Vacate his conviction and sentence and order the Commonwealth to retry or release him.__

or any other relief to which petitioner may be entitled.

_[signature]_
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was ~~placed in the prison mailing system~~ filed by ECF on __July 31, 2014__ (month, date, year).

Executed (signed) on __July 31, 2014__ (date).

_[signature]_ —for Jerry Reeves
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. __Petitioner is represented by counsel authorized to sign and file this petition on his behalf. Petitioner is incarcerated and signature by counsel avoided delay in filing.__

* * * * *