## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

JERRY REEVES,                    :

        **Petitioner**          :

                                    **CIVIL ACTION NO. 3:14-1500**

      **v.**                    :

                                      **(MANNION, D.J.)**

BRIAN COLEMAN,                   :        **(SCHWAB, M.J.)**

        **Respondent**         :

## MEMORANDUM

Petitioner, Jerry Reeves, an inmate confined in the Smithfield State Correctional Institution, Huntingdon, Pennsylvania, filed, through counsel, a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 which was superseded by an amended petition. (Doc. 1, Doc. 11). Petitioner attacks his 2010 second-degree murder conviction and life sentence without parole imposed by the Court of Common Pleas for Dauphin County, Pennsylvania. By Report and Recommendation dated October 17, 2016, Magistrate Judge Schwab recommended that petitioner Reeves' petition for writ of habeas corpus be dismissed as untimely. She determined that petitioner did not identify any possible basis for equitable tolling and that he failed to meet the requirements of a claim of actual innocence. (Doc. 38).

On November 7, 2016, petitioner filed objections to Judge Schwab's report with a brief in support attached. (Doc. 40, Doc. 40-1). To overcome AEDPA's statute of limitations, petitioner alleges newly discovered evidence

of actual innocence and he claims that Judge Schwab "failed to analyze his actual innocence in light of all the evidence, old and new." Petitioner relies, in part, on McQuiggin v. Perkins, –U.S.–, 133 S.Ct. 1924 (2013) (Supreme Court "[held] that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar,[ ], or, [ ], expiration of the statute of limitations.").

For the reasons discussed below, the court will **ADOPT** Judge Schwab's report and **OVERRULE** petitioner's objections since petitioner fails to meet the threshold requirements that his evidence is in fact "new" and by convincing the court that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 1928 (citations omitted).


I.    **STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## II.   BACKGROUND

Since Judge Schwab stated the complete procedural and factual history of this case, (Doc. 38, at 2-19), and since the petitioner did not object to it, the court will not repeat it herein and it will be adopted. See Butterfield v. Astrue, 2010 WL 4027768, *3 (E.D.Pa. Oct. 14, 2010) ("To obtain de novo determination of a magistrate[ ] [judge's] findings by a district court, 28 U.S.C. §636(b)(1) requires both timely and specific objections to the report.") (quoting Goney v. Clark, 749 F.2d 5, 6 (3d Cir.1984)). The court will briefly address the background and restrict its discussion below to the relevant background as it pertains to the petitioner's objections. The facts of this case are also

3

thoroughly discussed in the amended petition as well as the briefs of the parties and, the history is substantiated by the exhibits. (Doc. 11, Doc. 15, Doc. 34, Doc. 34-1, Doc. 35).

Following a jury trial which concluded on June 23, 2010, petitioner was found guilty in the Court of Common Pleas of Dauphin County, of murder of the second-degree, robbery-inflict serious bodily injury and, firearms not to be carried without a license in relation to an armed robbery on May 25, 2006. On the same date, Reeves was sentenced to life in prison without parole.

Reeves did not file any post-sentence motions with the Dauphin County Court.

On July 22, 2010, Reeves filed a timely Notice of Appeal of his judgment of sentence to the Pennsylvania Superior Court. On July 1, 2011, the Superior Court of Pennsylvania affirmed Reeves' judgment of sentence. Reeves did not file a petition for allowance of appeal to the Pennsylvania Supreme Court. Thus, on July 31, 2011, Reeves' judgment of sentence became final.

From July 31, 2011 through July 29, 2012, Reeves did not have any properly filed appeal pending with any state court. On July 30, 2012, petitioner filed a petition for relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§9541, et seq., with the Dauphin County Court. On November 26, 2012, the Dauphin County Court, sitting as the PCRA court, dismissed Reeves' PCRA petition without an evidentiary hearing.

On December 7, 2012, Reeves filed a notice of appeal with the

Pennsylvania Superior Court regarding the dismissal of his PCRA petition. On November 7, 2013, the Superior Court affirmed the Dauphin County Court's order dismissing Reeves' PCRA petition.

Reeves then filed a petition for allowance of appeal to the Pennsylvania Supreme Court regarding the dismissal of his PCRA petition and it was denied on March 25, 2014.

On July 31, 2014, petitioner filed the instant petition for writ of habeas corpus under §2254. (Doc. 1). On November 7, 2014, petitioner filed an amended habeas petition. (Doc. 11). The respondent filed a response and support brief, (Doc. 34, Doc. 34-1), arguing, in part, that the habeas petition was untimely under the one year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. §2244(d)(1)(A). Reeves filed a traverse, (Doc. 35), and alleged newly discovered evidence of actual innocence. He relied on §2244(d)(1)(D) of the AEDPA and contended that he was entitled to an exception to the AEDPA's time limitations since his habeas petition was filed one year from "the date on which the factual predicate of the claim ... could have been discovered through ... due diligence."

Judge Schwab filed the instant report, (Doc. 38), on October 17, 2016. Petitioner filed objections and an attached brief on November 7, 2016. (Doc. 40, Doc. 40-1).

## III.   DISCUSSION

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C.

§2254 must adhere to a statute of limitations that provides, in relevant part,

as follows:

> (d)(1) A one-year period of limitations shall apply to
> an application for a writ of habeas corpus by a person
> in custody pursuant to the judgment of a State court.
> The limitation period shall run from the latest of - (A)
> the date on which the judgment became final by the
> conclusion of direct review or the expiration for
> seeking such review . . .
>
> (d)(2) The time during which a properly filed
> application for State post conviction or other collateral
> review with respect to the pertinent judgment or claim
> is pending shall not be counted toward any period of
> limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2)(emphasis added); *see generally*, Jones v. Morton,

195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of

§2244(d)(1)(A), the period of time for filing a habeas corpus petition begins

to run when direct review processes are concluded. *See* Harris v. Hutchinson,

209 F.3d 325, 327 (4th Cir. 2000). ("[T]he AEDPA provides that upon

conclusion of direct review of a judgment of conviction, the one year period

within which to file a federal habeas corpus petition commences, but the

running of the period is suspended for the period when state post-conviction

proceedings are pending in any state court.")(emphasis in original); Fields v.

Johnson, 159 F.3d 914, 916 (5th Cir. 1998)(*per curiam*); Hoggro v. Boone,

150 F.3d 1223, 1226 (10th Cir. 1998). It is not the conclusion of state post-

conviction collateral review processes that starts the running of the limitations period. *See* Bunnell v. Yukins, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction proceedings.").

As indicated above, section 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under §2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. Stokes v. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, at *2 (3d Cir., April 17, 2001). Likewise, the statute of limitations is not tolled under §2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

The AEDPA statute of limitations also may be subject to equitable tolling. The Third Circuit has held that the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. *See* Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003). In *Merritt*, the Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claim." Id. (internal citations and quotations omitted).

## A.   **Statutory Tolling**

In this case, because petitioner Reeves did not file a petition for allowance of appeal with the Pennsylvania Supreme Court with respect to his direct appeal, his conviction became final on July 31, 2011, or 30 days after the Pennsylvania Superior Court affirmed petitioner's conviction and sentence. *See* 42 Pa.C.S.A. §9545(b)(3); Pa.R.App.P. 903; Pa.R.Crim.P. 720(a)(3). Thus, the clock for filing a federal habeas petition began running on August 1, 2011 since petitioner did not have any properly filed appeal pending, and the clock continued to run uninterrupted for a full 365 days until Reeves filed his PCRA petition on July 30, 2012. As respondent notes, since 2012 was a leap year, Reeves' PCRA petition was timely filed.

Reeves' PCRA petition was finally denied on March 25, 2014 when the Pennsylvania Supreme Court denied his petition for allowance of appeal. As

such, Reeves had until March 26, 2014 to file a timely §2254 habeas corpus petition since one year had already run on his AEDPA statute of limitations. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). Petitioner's PCRA petition did not toll an already expired statute of limitations. See Long v. Wilson, 393 F.3d 390, 395 (3d Cir. 2004).The instant petition was not filed until July 31, 2014, more than four months after the limitations period expired. Thus, Reeves' petition for habeas corpus under §2254 is barred by the statute of limitations, and should be dismissed as untimely, unless the statute of limitations is subject to statutory or equitable tolling.

As noted above, the one-year statute of limitations ran from August 1, 2011 for 365 days until Reeves filed his PCRA petition on July 30, 2012. There was no tolling during this time. His federal petition was then untimely by over four months. Consequently, the AEDPA statute of limitations is not subject to statutory tolling.

### B.   Equitable Tolling

The court must next examine whether the AEDPA statute of limitations should be equitably tolled to consider the petition timely filed. Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002), cert. denied, 540 U.S. 826, 124 S.Ct. 48, 157 L.Ed.2d 49 (2003)(citing Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 617–618 (3d Cir. 1998). The limitation period may be tolled when the principles of equity would make the rigid application of a limitation period unfair. Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2560

(2010)("Now, like all 11 Courts of Appeals that have considered the question, we hold that §2254(d) is subject to equitable tolling in appropriate cases."); Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

To be entitled to equitable tolling, [Petitioner] must show " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S.Ct. at 2562 (quoting Pace, 544 U.S. at 418); Lawrence v. Florida, 549 U.S. 327, (2007) (quoting id.). Courts must be sparing in their use of equitable tolling. Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999). In fact, the United States Court of Appeals for the Third Circuit has held that equitable tolling is proper "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice." United States v. Midgley, 142 F.3d 174, 179 (3d Cir.1998).

Initially, insofar petitioner argues in the alternative that he is entitled to equitable tolling under Martinez v. Ryan, 132 S.Ct. 1309 (2012), (Doc. 40-1, at 10-12), this claim is without merit. Petitioner states that his "[p]rior counsel had a clear conflict of interest preventing them from raising their own prior ineffectiveness to excuse the procedural default of [his] federal claims." He states that he was still represented by his ineffective post-conviction counsel one year after his conviction became final and that he is entitled to equitable tolling based on Martinez, 132 S.Ct. 1309. He also submitted an affidavit from

his PCRA counsel averring that an unnamed associate miscalculated the deadline to file his §2254 habeas petition and that his prior counsel's miscalculation of his deadline is another ground for equitable tolling.

The Supreme Court does not state in *Martinez* that a blanket allegation of the ineffectiveness of PCRA counsel can constitute a basis for equitable tolling of the habeas statute of limitations. *See* Evans v. Corbett, Civil No. 13-1562, M.D.Pa. (Sept. 10, 2014) (Mannion, J.); Wise v. Rozum 2013 WL 579659, *4 (M.D.Pa. Oct. 28, 2013)(Mannion, J.)("*Martinez* does not recognize a new time-bar excuse, but only a limited and equitable excuse for procedural default.") (collecting cases). In fact, as respondent recognizes, (Doc. 34 at 13), the *Martinez* decision did not allow for equitable tolling of the AEDPA deadline. *Id.; see also* Capers v. Walsh, 2012 WL 5389513, at *4 (E.D. Pa. Oct. 5, 2012)(citing Martinez, 132 S.Ct. at 132 S.Ct. at 1315 (limiting decision to issue of whether there was cause for prisoner's procedural default on collateral review); Kingsberry v. Maryland, 2012 WL 2031991, at *1 (D.Md. June 4, 2012) ("*Martinez* did not address equitable tolling in the context of ineffective assistance of counsel and provides no relief here."); and Peeples v. Citta, 2012 WL 1344819, at *6 n. 10 (D.N.J. Apr.16, 2012) (*Martinez* does not provide a basis for equitable tolling). *See also* Vogt v. Coleman, 2012 WL 2930871, at *4 (W.D. Pa. July 18, 2012) ("*Martinez* did not provide that post-conviction counsel's ineffectiveness could establish an exception to or equitable tolling of AEDPA's one-year statute of limitations for filing a federal

habeas corpus petition") (collecting cases) and <u>Stromberg v. Varano, 2012</u> <u>WL 2849266, at \*5 n. 37 (E.D.Pa. July 11, 2012)</u> ("*Martinez* is not controlling in this case because the Court denied the petition as time-barred, not procedurally defaulted. Furthermore, the consideration of procedurally defaulted claims does not alleviate a petitioner's burden to overcome [the one-year] statute of limitations or to prove the merits of his case").

Thus, *Martinez* does not excuse petitioner Reeves' failure to seek federal review of his claims in a timely fashion. *Evans, supra*; *Wise, supra*. Moreover, as respondent points out, despite the alleged miscalculation of the habeas filing deadline, Reeves' PCRA counsel filed Reeves' PCRA petition after the entire one year AEDPA statute of limitations ran.

Next, the court will address the primary bases petitioner advances in support of his contention that he is entitled to equitable tolling. Specifically, petitioner claims that he had presented new evidence to establish his actual innocence entitling him to equitable tolling. He relies in part on *McQuiggin*. "*McQuiggin* held that a claim of actual innocence, if proven, provides an equitable exception to the one-year statute of limitations." Williams v. Patrick, 2014 WL 2452049, \*2 (E.D.Pa. June 2, 2014) (citing McQuiggin, 133 S.Ct. at 1928).[1] "That exception applies only to a 'severely confined category' of cases: those where the petitioner produces new evidence sufficient to show

---

1.The court notes that in *Williams v. Patrick* the Third Circuit denied petitioner a certificate of appealability on April 20, 2015.

that 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" Id. at *9 (citing McQuiggin, 133 S.Ct. at 1933; Schlup v. Delo, 513 U.S. 298, 329, 115 S.Ct. 851 (1995)). A petitioner must meet a demanding standard to utilize the actual innocence exception to the AEDPA statute of limitations. Indeed, in McQuiggin, 133 S.Ct. at 1928, the Supreme Court cautioned "that tenable actual-innocence gateway pleas are rare."

In Williams, 2014 WL 2452049, *10, the court stated:

> In Hubbard v. Pinchak, the Third Circuit established a two-part test for assessing whether a petitioner's claim of actual innocence may act as a procedural gateway under Schlup. 378 F.3d 333, 340 (3d Cir. 2004); see also Pirela v. Vaughn, No. 01–4017, 2014 WL 1199345, at *11 (E.D.Pa. Mar. 24, 2014). First, a court must determine "whether the [petitioner] has presented 'new reliable evidence ... not presented at trial'" which supports his allegations of constitutional error. Hubbard, 378 F.3d at 339–40 (quoting Schlup, 513 U.S. at 324). The "new" evidence presented may be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial. Schlup, 513 U.S. at 324. "[W]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." Hubbard, 378 F.3d at 338 (quoting Schlup, 513 U.S. at 316). For purposes of satisfying this first step, evidence is not "new" if it was available at trial. Id. at 340. A petitioner's choice not to present available evidence at trial to the jury does not open the gateway. Id.

The second inquiry to be addressed if the evidence is in fact "new" is whether "it is more likely than not that no reasonable juror would have convicted [petitioner] in the light of the new evidence." Id. at 11 (citing McQuiggin, 133 S.Ct. at 1935; Schlup, 513 U.S. at 327).

13

In his objections, petitioner argues that Judge Schwab failed to properly analyze his alleged new evidence he offered to support his claim of actual innocence in light of all of the evidence, old and new, and that she improperly focuses on each piece of new evidence "in isolation." Petitioner states that Judge Schwab failed to properly weigh his evidence that Kai Anderson was the real killer. No doubt that Judge Schwab did consider this evidence and stated that "while Reeves presents strong evidence pointing to Kai Anderson as an alternative suspect, that evidence is also not new evidence under the actual innocence standard given that [his] trial counsel had that evidence in her possession at the time of trial." (Doc. 38 at 47). Judge Schwab specified the evidence petitioner's trial counsel had, including Anderson's confessions, and then concluded that his "trial counsel did not fail to develop that evidence." Rather, Judge Schwab stated that Reeves' trial counsel chose not to present the evidence at trial. (Id.). Respondent also points out that the police reports regarding Anderson were available to Reeves and his trial counsel prior to and during trial. Respondent further states that at trial Reeves could not even corroborate his own alibi and his allegation that he was in Baltimore at the time of the shooting since he admitted on cross exam that he was at work at the Hershey Factory in Harrisburg at the relevant time. (Doc. 34 at 9-10). Thus, under the above stated first step, evidence regarding Anderson was not new since it was available at trial.

Judge Schwab also considered Reeves' history of depression and his

suicide attempts, including the attempt on the day of his confession, and stated that his suicide attempt on the day of his confession was not new evidence since his trial counsel knew about it at the time of trial and had the hospital record in her possession. Judge Schwab concluded that "even assuming that those records [regarding Reeves' history of depression and his suicide attempts] constitute new evidence, they do not meet the high bar of showing actual innocence given Reeves' confession and the [store surveillance] video." (Doc. 38 at 47). Also, as respondent states, "these facts were apparent to Reeves and could have been discovered prior to trial through the exercise of his own diligence." (Doc. 34 at 9).

Judge Schwab further considered Reeves' history of lying and she found that it was "not so probative of innocence that no reasonable juror would have convicted the petitioner if that evidence were presented."Judge Schwab also considered the news article about the murder which Reeves claimed shows that the facts he provided in his confession were contained in the article and available to the public. (Doc. 38 at 47-48). Respondent indicates that even before Reeves saw the store surveillance video on the day of the incident,[2] he correctly identified in his confession the color of the clothes he wore and the fact that he "approached the store" after everyone left

---

2.The court notes that the store surveillance video was submitted in DVD format by petitioner's counsel, (Doc. 20), and, that the court viewed it and finds it supports Judge Schwab's conclusions in her report.

the store. Further, Reeves correctly stated that he pulled a gun from his front waistband of his pants which was verified in the video. Other details of the incident in the store as reflected in the video were detailed in Reeves' confession, including the struggle by the victim (Thakur) and the fact that the gun fired when the victim tried to close the bulletproof window to the cash register. (Doc. 34 at 10). None of this alleged new evidence, considering the record as a whole, meets the high standard Reeves must show to be entitled to the actual innocence exception to the AEDPA statute of limitations.

Additionally, Reeves states that he presented new evidence that he is left-handed and the killer is right-handed. Judge Schwab considered this evidence and stated that it was doubtful this constitutes new evidence, but she stated that "even assuming that it is new evidence, it does not show that Reeves is actually innocent" and that the store video is not conclusive on this issue. She indicates that "the jury did hear that Reeves is left handed and it viewed the video." (Doc. 38 at 48-49). Respondent also states that the store video shows the person with the gun alternates between hands when holding the gun and, that the person used his left hand and arm when he went over the store counter. More significantly, when the person in the video was holding Thakur at gun point, he was holding the gun in his left hand and did not change hands until Thakur was shot. (Doc. 34 at 11-12).

Thus, the court agrees with Judge Schwab's determination that even if the evidence was really "new", petitioner failed to satisfy the second step of

the inquiry by showing that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." McQuiggin, 133 S.Ct. at 1935 (quoting Schlup, 513 U.S. at 327). Therefore, the court finds that petitioner Reeves failed to demonstrate actual innocence regarding his habeas claims under the McQuiggin standard.

As such, Reeves is not entitled to equitable tolling under all of the circumstances of this case. The court finds that Judge Schwab correctly determined that petitioner Reeves failed to establish he is entitled to the actual innocence exception to the AEDPA statute of limitations. Thus, petitioner did not act in a reasonably diligent fashion. Accordingly, his habeas petition is time-barred.

## IV.   CERTIFICATE OF APPEALABILITY

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant petition is time-barred. It is statutorily barred, and neither statutory nor equitable tolling apply to the petition. Thus, a COA will not issue in this case.

17

Also, the court agrees with Judge Schwab, (Doc. 38 at 49), and finds that petitioner is not entitled to an evidentiary hearing since his alleged new evidence fails to meet the high standard of demonstrating his actual innocence. *See* United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992)(The court is required to conduct an evidentiary hearing to ascertain the facts "unless the motion and files and records of the case show conclusively that the movant is not entitled to relief.").

## V.   CONCLUSION

In light of the foregoing, Judge Schwab's report, (Doc. 38), will be **ADOPTED**, and petitioner Reeves' objections, (Doc. 40), will be **OVERRULED**. The petition for writ of habeas corpus will be **DISMISSED** as untimely, and the case will be **CLOSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
MALACHY E. MANNION
United States District Judge

Date: December 22, 2016

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1500-01.wpd

18